**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BENNY HO and SONG HO,**

      **Plaintiffs,**

v.                                                           **Case No: 6:23-cv-1766-CEM-EJK**

**CLEAR BLUE INSURANCE**
**COMPANY,**

      **Defendant.**

**ORDER**

This cause comes before the Court on Plaintiffs' Opposed Motion for Entitlement and Motion to Tax Attorney's Fees and Costs (the "Motion") (Doc. 28), filed May 20, 2024. To date, Defendant Clear Blue Insurance Company ("Defendant") has not filed a response to the Motion. Upon consideration, the Motion is due to be granted in part.

**I.    BACKGROUND**

On August 1, 2023, Plaintiffs filed a Complaint in state court alleging a claim for breach of an insurance contract against Defendant. (Doc. 1-1 at 6.) On September 13, 2023, Defendant removed the case from the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, to this Court based on diversity jurisdiction. (Doc. 1.) Plaintiffs allege that they had an insurance policy with Defendant when their insured property suffered wind and water damage. (*Id.* at 6–7.) According to Plaintiffs, Defendant breached the insurance policy by failing to pay the

complete value of the insureds' loss. (*Id.* at 7.) The parties filed a Joint Motion for Appraisal and to Abate All Proceedings Pending Completion of Appraisal on September 27, 2023. (Doc. 16.) In turn, the Court granted the joint motion, ordering appraisal and abating litigation. (Doc. 20.) Pursuant to the Court's order, the parties executed and filed a joint status report, which noted that the appraisal process was complete and that Plaintiff had received an appraisal award. (Doc. 26.) The Court subsequently directed the parties, on or before May 20, 2024, to either file a motion for reasonable attorney's fees and costs requested or file a notice that this matter has been resolved. (Doc. 27.) The Plaintiffs brought this Motion. (Doc. 28.)

## II.     STANDARD

Under Florida law in effect at the time the parties executed the insurance policy at issue, an insured who prevails in a lawsuit against his or her insurer is entitled to "a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." Fla. Stat. § 627.428(1).

## III.    DISCUSSION

Since the case has been resolved in Plaintiff's favor against the insurer Defendant, and considering that Plaintiffs' Motion is unopposed, the undersigned concludes that Plaintiffs are entitled to reasonable attorney's fees and costs. Fla. Stat. § 627.428(1); *see also Pepper's Steel & Alloys, Inc. v. United States*, 850 So. 2d 462, 465 (Fla. 2003) ("The statute [Florida Statue § 627.428] clearly provides that attorney's fees shall be awarded against the insurer when judgment is rendered in favor of an insured."

citing *State Farm Fire & Cas. Co. v. Palma*, 629 So. 2d 830, 832 (Fla. 1993)) (internal quotation marks omitted).

Accordingly, is it **ORDERED** as follows:

1. Plaintiffs' Motion to Tax Attorney's Fees and Costs (Doc. 28) is **GRANTED**.

2. Plaintiffs are entitled to reasonable attorney fees. The parties are **DIRECTED** to confer in a good faith effort to resolve the amount of fees sought by Plaintiffs. If the parties are unable to come to a resolution, Plaintiff is **DIRECTED** to file a motion to determine an amount of reasonable attorney fees **on or before October 18, 2024**.

**DONE** and **ORDERED** in Orlando, Florida on September 13, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE